## WHITE COUNTY vs. KEY, adm'r.

1. COUNTY COURT: *Power to re-open the settlement of a collector.*
   The County Court has power to open, re-examine and correct the settlement of a collector at any time within twelve months, upon notice and without a petition; the statute authorizing it is highly remedial, and must be liberally construed.

2. SAME:
   When the collector, in a settlement before the County Court, was allowed a credit for revenue with which he claimed he had been improperly charged in a settlement for the revenue of a previous year, the court had power to open and re-examine the allowance at any time within twelve months, upon notice to the collector.

APPEAL from *White* Circuit Conrt.

Hon. JOHN J. CLENDENIN, Circuit Judge.

*Coody* for appellant.

The petition prays for general relief, which will authorize any relief consistent with the facts. 19 Ark., 62.

Cited *Rief* v. *Conner*, 10 Ark., 241, as to power of courts to alter judgments after term, changed by the Code, secs. 571 and

371, and special act of Feb. 21st, 1867, p. 139; Gantt's Digest, sec. 5280. All the proceedings were within one year. 22 Ark., 236.

Cited further in support of the petition, and to show error, Gantt's Digest, 5225 and 5265.

*B. D. Turner* for appellee.

The court could not vacate an order after the term. *Rief* v. *Conner*, 10 Ark., 241; *Ashley* v. *Hyde*, 6 Ark., 92; *Walker* v. *Jefferson*, 5 Ark., 23; *Smith* v. *Dudley*, 2 Ark., 66.

Section 3596 of Gantt's Digest applies only to Circuit Courts. It is to be construed in connection with section 3591. Sections 5281 and 5282 do not apply.

The petition shows no ground for vacating the judgment. This is not a proceeding under section 3596, not being an application for a new trial. See section 4688. The petition does not state facts to justify a new trial, viewed in that light. See Rose's Digest, title New Trials, secs. 81 to 97.

The Circuit Court was bound to presume the judgment right and affirm it. *Kelly* v. *Union County*, 23 Ark., 331; *Redmond* v. *Anderson*, 18 Ark., 449; *Grimes* v. *Bush*, 16 Ark., 647; *Bankhead* v. *Hubbard*, 14 Ark., 298. And the petition moreover is barred by the statute of limitations. Gantt's Digest. sec. 4692. This appearing on the face of petition is good cause of demurrer. *Lawson* v. *Badgett*, 20 Ark., 195; *Sullivan* v. *Hadley*, 16 Ark., 129; *Faulkner* v. *Thompson*, 14 Ark., 479, and authorities referred to in *McGehee* v. *Blackwell et al.*, 28 Ark., 27.

WALKER, J.:

The questions of law presented for our consideration arise upon the following state of case:

William C. Petty, as sheriff and collector of the revenue of White county, at a County Court of said county, held on the 28th of October, 1872, made a settlement of accounts as such

collector, for the year 1871, in which he claimed that in his settlement of accounts for revenue for the year 1870, he had been improperly charged with the sum of $975.94 as a penalty on collections, and the further sum of $1989.42, in excess of the true amount which was charged against him, which, with interest, amounted to the sum of $2112.09 to which sums he claimed credit, and upon his representation of the facts, as well as that of the clerk (as is alleged) procured orders of allowance to be made to him by the court for these sums, for which he was given credit in his settlement, made for taxes for 1871.

It is now claimed by the county that these credits were not just, that no such sums were, in fact, due from the county to Petty.

After the adjournment of the court at which these allowances were made, and the credits given, and within less than twelve months thereafter, the court, under an apprehension that there had been error in such settlement, caused a restatement of the account to be made.

Petty having died, Key was appointed the administrator of his estate.

At the second term of the court after the settlement had been made, the court opened the settlement so made, for the purpose of correcting errors, and more particularly, that of giving Petty credit for the amount of the allowance so obtained.

The administrator questioned the right of the court to reinvestigate the correctness of these claims of allowance. Whereupon the court suspended the further consideration of the case, and gave to the county permission to file a petition setting forth the facts of the case, which was done.

Upon the presentation of the petition, the administrator appeared and filed his demurrer to it. The County Court sustained the demurrer, the county appealed to the Circuit Court, where the judgment of the County Court was affirmed.

The case is brought before us by appeal.

The questions of law presented for our consideration, arise upon the demurrer to the petition, but from the view which we take of the case, and the powers of the County Court, to open the settlement and correct errors, we think that no petition was necessary. That the court had power to re-examine the settlement at any time within one year, giving to the collector notice of such re-examination, is beyond question.

Under the several provisions of the statute, the court is empowered to settle with the revenue officers, and to have such settlements spread in full upon the records. Gantt's Digest, sec. 5224. After this, and several other sections to enforce settlement, it is provided in 5280, that "where any error shall be discovered in the settlement of any county officer made with the board of supervisors, it shall be the duty of the board, at any time within one year from the date of such settlement to reconsider, and adjust the same." But before such settlement shall be re-examined, it shall be the duty of the board to give such officer ten days' notice of the time and place where such settlement shall be readjusted.

Under this power to re-investigate settlements, and correct errors, the County Court proceeded, within less than one year after the settlement made with the sheriff for revenue collected by him for the year 1871, to give the required notice, and have the accounts of Petty restated.

In the settlement as first made, these two orders of allowance had been credited to Petty in settlement. It was claimed on the part of the county, that these allowances were permitted to be made upon a misapprehension of facts, that they were not proper charges against the county, and should not have been allowed. Whilst on the part of Key, it was insisted that these orders of allowance having been made by a court of competent

jurisdiction, after the expiration of the term at which made, must be held as conclusive evidence of their validity, until reversed or set aside by a competent tribunal, in a direct proceeding for that purpose, and thus the only matter in question for our consideration is presented.

It was not necessary that a petition should be filed in order to bring this question as fully before the court as its power extended, to investigate and correct errors in settlement; to do this, was the duty of the court without petition. The demurrer to the petition could present nothing more for the consideration of the court than would arise upon objection to evidence tending to impeach the validity of the orders of allowance. We have no doubt but that the County Court had power to open the settlement made with Petty, and to correct errors should such be found to exist.

But the precise question at issue is, had the court, when the settlement was so opened, power to investigate the validity of the claims which had been by the court allowed?

That we may the more clearly test this power to re-investigate, let us suppose that the collector, at the time of his settlement, had presented his account for this sum as money paid by him in his settlement with the court for taxes for the year 1870, in excess of the sum really due? There can be no doubt but that if the court, under a misapprehension of the facts, had passed upon and allowed credit in settlement for the amount, that upon a re-examination of the accounts if it should be made to appear that the credit was unjust, the court should reject it, and restate the account according to the facts. The material difference between that case and the one before us is, that at the same term of the court and touching the same settlement, the sheriff presented his claim for such excessive payment, and upon the same misapprehension of facts had it allowed and then presented it as a credit, which was allowed. In the case stated, the

court would be called upon to audit and allow the claim as a credit. In this, the court first audited, and then allowed the claim so audited as a credit, but whether audited before or at the time of giving the credit, in view of the time when acted upon, the purpose for which it was done, and the use which was made of it, we think it should be considered as parts of the same transaction; its effect and purpose were, to procure a credit in settlement for that amount, made under a statement of facts, which, if untrue, should vitiate the credit.

This provision of the statute giving to the court time to re-examine its settlements and to correct errors, was made in consideration of the multiplied estimates to be made, and the importance to the county of the trust so reposed. It is highly remedial; and should be liberally construed, and we think the court had power to re-examine, re-state, and correct errors, if such should be found to exist; in doing which it had power to look into the validity of the credits, as fully as if no orders of allowance had been made; to do less than this would defeat the purpose of the investigation. We think it most consistent with the spirit of the statute, and the end for which the power to re-examine such settlements was conferred upon the court, to give to the statute a liberal construction, so as to enable the court to reach the mischief intended to be remedied.

In so holding, no injustice is done to the officer whose settlement is opened for examination; he is to be given notice of the time and place of re-examination, with a right to be heard. If, in this case, the credits given to the collector are just, a re-examination will not deprive him of them. If, on the other hand, they should be found unjust, they should not be allowed, and he should be required to pay to the county the revenue unjustly withheld.

In thus holding, we are not to be understood as questioning the well established rule that the judgments of courts, when

rendered in cases properly presented before them, and over which they have jurisdiction, should be held to impart absolute verity until set aside or reversed by a direct proceeding in some court of competent jurisdiction. The correctness of our former decisions, *Reif* v. *Conner*, and others cited, is not questioned. They were rendered, however, under a very different state of case from that presented in this.

The orders of court allowing these claims against the county were at most but auditing them, to be used as credits in settlement, a question which, if presented as an account for credit, would have been passed upon by the same court and for a like purpose.

Under this view of the case, we must hold that the judgment and decision of the Circuit Court was erroneous, and must be reversed and set aside and the cause remanded, to be proceeded in in accordance with law and the opinion herein.