JOHN O. SULLIVAN, Libellant, *vs.* CATHERINE SULLIVAN.

Androscoggin.   Opinion October 10, 1898.

*Divorce.   Gross and confirmed habits of Intoxication.   Evidence.*

In an action for divorce where the issue is whether the libellee has, since the marriage, contracted gross and confirmed habits of intoxication, evidence of his good reputation before marriage for sobriety is not admissible.

ON EXCEPTIONS BY LIBELLEE.

This was a libel for divorce inserted in a writ of attachment. The libel alleges, and the answer admits the marriage between the parties, both of whom have been previously married and are elderly people, on the seventh day of January, A. D. 1895. The date of the libel is February 3, 1898. The charges in the libel are that "the said Catherine Sullivan, wholly unmindful of her marriage covenants and duty, during the three years last past, has been guilty of gross and confirmed habits of intoxication, and during the three years last past has been guilty of cruel and abusive treatment towards him " the libellant.

The defendant offered, as tending to show the improbability of her at once falling into gross and confirmed habits of intoxication, the testimony of four of the citizens of Auburn, who had known her well for from twenty to twenty-five years prior to her marriage, as to her general reputation and character and her general reputation and character as to sobriety. On objection by the libellant's

attorney, the court excluded all evidence of her character prior to the date of her marriage. The jury found the libellee guilty of gross and confirmed habits of intoxication and of cruel and abusive treatment as charged in the libel, on May 17, 1898.

To these rulings the libellee excepted.

*Tascus Atwood,* for libellant.

*Geo. C. Wing,* for libellee.

Counsel cited: 3 Greenl. Ev. § 25, citing in 15th ed. *Heine* v. *Com.* 91 Pa. St. 145; *Porter* v. *Seiler,* 23 Pa. St. 424, S. C. 62 Am. Dec. 341; *Townsend* v. *Graves,* 3 Paige, 455, in which among other things Chancellor Walworth says: "If a party is charged with a crime or any other act involving moral turpitude, which is endeavored to be fastened upon him by circumstantial evidence, or by testimony of witnesses of doubtful credit, he may introduce proof of his former good character for honesty and integrity to rebut the presumption of guilt arising from such evidence, which it may be impossible for him to contradict or explain."

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

EMERY, J. The issue of fact is whether the libellee, since her marriage three years before these proceedings, was guilty of "gross and confirmed habits of intoxication."

Is evidence of her good reputation or character for sobriety before the marriage admissible to sustain the negative of the issue? Her counsel argues that such reputation or character would naturally induce the tribunal to require more evidence of her guilt than it would otherwise,—that in all criminal prosecutions evidence of previous good reputation or character is received in behalf of the accused,—and that in this case she should equally have the benefit of such evidence.

The law, however, is settled otherwise. In civil suits, unless the reputation or character of one of the parties is directly in issue as in slander cases, no evidence as to them can be received. In *Potter* v. *Webb,* 6 Maine, 14, the issue was whether a decree of the

judge of probate had been obtained by fraud and collusion. In *Thayer* v. *Boyle*, 30 Maine, 475, the issue was whether the defendant had maliciously set fire to the plaintiff's barn. In *Soule* v. *Bruce*, 67 Maine, 584, the issue was whether the defendant was guilty of an assault upon the plaintiff. In all these cases evidence of reputation or character was held to be inadmissible.

A suit for a divorce is a civil suit. A judgment in such a suit is not followed by any penal consequences. When a divorce is sought for upon a specific statute ground, like utter desertion, adultery, gross and confirmed habits of intoxication, etc., the reputation or character of either party is not directly in issue. In *Humphrey* v. *Humphrey*, 7 Conn. 116, the issue was whether the libellee, the wife, was guilty of adultery. The evidence against her was presumptive rather than positive, but evidence of her good character was nevertheless held to have been rightfully rejected.

*Exceptions overruled.*