GEORGIA B. THRIFT *vs.* FREDERICK W. THRIFT.

MARCH 3, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Exceptions in Divorce Proceedings.*

C. P. A. § 481 (now Gen. Laws, 1909, cap. 298, § 8), provides: "Any person interested in a probate or other appeal, and any party to a civil action, heard on its merits by the superior court without a jury, aggrieved by a ruling, decision or finding of the court upon any issue of fact or matter of law, or upon a motion for a new trial for newly discovered evidence, may except thereto":—

*Held,* that a petition for divorce was a "civil action" within the provisions of said section, so as to give to a party, aggrieved in the manner therein set forth, the right to take exceptions, which may form the basis of a bill of exceptions under the statutes.

(2) *Divorce. No Exception after final Decree.*

The entry of final decree in a divorce case is equivalent to the entry of judgment therein. Therefore exceptions will not lie after the entry of final decree.

(3) *Construction of Statutes. Remedial Statutes.*

Statutes in furtherance of the simple and convenient administration of justice are deemed remedial, and are to be liberally construed.

DIVORCE. Heard on motion of petitioner to dismiss respondent's bill of exceptions, and denied.

DUBOIS. C. J. This is a petition for divorce, alleging extreme cruelty on the part of the respondent towards the petitioner. The case was heard by one of the justices of the Superior Court, who rendered a decision in favor of the petitioner. The respondent thereupon filed his motion for a new trial, which was based upon the following grounds: That the decision is against the evidence and the weight thereof; that the court erred as a matter of law in not dismissing the petition on the evidence presented to it; that the court erred as a matter of law in deciding that the respondent had been guilty of extreme cruelty; that the court erred in awarding the custody of the minor child to the petitioner. The motion for a new trial was heard and denied, and to this denial the re-

spondent excepted, and within the statutory period filed in the Superior Court his bill of exceptions, which has been duly certified and transmitted to this court with the other papers in the cause, including the petitioner's motion to dismiss the bill of exceptions.

The case was heard by this court solely upon the motion to dismiss, which is founded upon the reasons following:

1st. Because a proceeding for divorce is purely a statutory proceeding in which there is no statutory right to a bill of exceptions.

2nd. Because the bill of exceptions presented for allowance states no question of law raised during the trial and ruled upon by the justice presiding unfavorably to the respondent.

3d. Because said bill of exceptions states no question of law raised during the trial to which any exception was taken.

4th. Because there was no issue of law involved in the decision of said case.

5th. Because the case is purely statutory, and the rights and remedies of the parties in such proceedings must be according to the course of equity.

6th. Because a bill of exceptions under the laws of Rhode Island is not applicable to a divorce proceeding.

7th. Because the Supreme Court has no jurisdiction in a divorce case to review, on exception, a decision of the Superior Court on a question of fact.

It is perfectly apparent, from a consideration of the first, fifth, and sixth grounds of the motion to dismiss, that the question whether there is a statutory right to a bill of exceptions in divorce proceedings is thereby raised. The statute relating to exceptions, in a case heard by the Superior Court without a jury, in force at the time of the trial, was C. P. A. § 481, now Gen. Laws, 1909, cap. 298, § 8, which reads as follows: "Any person interested in a probate or other appeal, and any party to a civil action heard on its merits by the superior court without a jury, aggrieved by a ruling, decision or finding of the court upon any issue of fact or matter of law, or upon a motion for a new trial for newly discovered evidence, may except thereto."

As it is evident that a divorce proceeding is neither a probate nor other appeal, and as we decided in *Fidler* v. *Fidler*, 28 R. I. 102, that an appeal did not lie from a final decree of the Superior Court in a petition for divorce, appeals may be eliminated from the present consideration. It is, therefore, necessary to construe the words "civil action" in section 481, aforesaid, in order to determine whether the legislature intended thereby to include suits for divorce. The Court and Practice Act, whereof the above statute forms a part, is entitled: "An act revising the judicial system of the State to conform to Article XII of Amendments to the Constitution." By the provisions of the first section of said article XII: "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity." The jurisdiction conferred upon the Supreme Court by this constitutional provision is undoubtedly broad enough to include questions of law arising in the trial of a divorce case. But it is manifest that the constitutional amendment is not self-executing, for by the fifth section thereof: "The general assembly shall provide by law for carrying this amendment into effect." As the Court and Practice Act is the law by which the General Assembly carried the amendment into effect, it is to be presumed that the legislature thereby intended to furnish adequate instrumentalities for that purpose.

(3)    Statutes in furtherance of the simple and convenient administration of justice are deemed remedial, and are to be liberally construed. *Larkin* v. *Saffarans,* 15 Fed. Rep. 147; *White County* v. *Key,* 30 Ark. 603; *Fisher* v. *Hervey,* 6 Colo. 16; *Willis* v. *Fincher,* 68 Ga. 444; *Heman* v. *McNamara,* 77 Mo. App. 1; *Quinn* v. *Fidelity Beneficial Assoc.,* 100 Pa. St. 382; *Hassenplug's Appeal,* 106 Pa. St. 527; *Pearson*·v. *Lovejoy,* 53 Barb. 407; *Hoguet* v. *Wallace,* 28 N. J. Law, 523.

The second section of the Court and Practice Act reads as follows: "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided; it may issue writs of habeas corpus, of error, certiorari, mandamus, prohibition, quo warranto, and all other extraordinary and prerogative writs and processes necessary

for the furtherance of justice and the due administration of the law; it may entertain informations in the nature of quo warranto and petitions in equity to determine title to any office; it shall have jurisdiction of petitions for trials and new trials as provided by law, bills of exceptions, appeals, and certifications to the supreme court, and special cases in which parties having adversary interests concur in stating questions for the opinion of the court as provided by law, and shall by general or special rules regulate the admission of attorneys to practice in all the courts of the state." The scope of this section was considered in *Hyde* v. *The Superior Court*, 28 R. I., page 210, as follows: "It is plain that the 'final revisory and appellate jurisdiction' of this court applies to 'all questions of law and equity,' and no form of words could confer broader and more complete powers of 'supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein where no other remedy is expressly provided.'" As we pointed out in the case of *Fidler* v. *Fidler*, *supra*, remedies to be applied after final decree in divorce cases are inappropriate, because under the provisions of Gen. Laws, cap. 195, as amended by Pub. Laws, cap. 971, Sec. 6, passed April 2, 1902, adding section 19, now Gen. Laws, 1909, cap. 247, § 19: "After final decree for divorce from the bond of marriage either party may marry again," and where either party has so remarried, the rights of a third party have intervened. This consideration, therefore, would exclude the use of such remedies as appeal, error, certiorari, or of any prerogative or extraordinary writ for the purpose of reversing the final decree in a divorce case. Furthermore, under the provisions of C. P. A. § 2, aforesaid, jurisdiction over bills of exceptions is conferred upon this court. This method of presenting questions of law for determination, being familiar and simple, when available, should be preferred to extraordinary and more complicated ways of reaching the same result. A careful examination of the Court and Practice Act discloses that the only specific provision therein made, whereby a party can bring a question of law before this court, is by a bill of exceptions. Unless parties in divorce cases are clearly excluded from the benefit of this

provision, they should be permitted to participate therein. The petitioner, however, contends that there never has been any statutory provision for an appeal or review in divorce cases in this State, and in support of such contention quotes from the case of *Banigan* v. *Banigan*, 26 R. I. 454 (1904), as follows: "Under Pub. Laws, R. I. cap. 649, any one justice of the supreme court assigned to the Appellate Division is a quorum for the trial of all petitions for divorce, whether contested or uncontested. And, this being so, all incidental questions arising in connection with the trial of such cases are within the jurisdiction and subject to the final decision of such justices. The petition by the master for instruction and advice above referred to was therefore clearly within the jurisdiction of Mr. Justice Dubois, and, he *having passed thereon, there is no authority in this court either to reverse or review his finding.*"

It is pertinent to observe that, although the foregoing case was decided after the adoption of article XII of amendments to the constitution, the decision preceded the passage of the Court and Practice Act and the reconstruction of the courts thereunder. By the provisions of section one of said Court and Practice Act: "The supreme court shall consist of a chief justice and four associate justices," and under section one of said article XII, a majority of the judges of the Supreme Court shall always be necessary to constitute a quorum; and in the absence of a quorum the justices in attendance may adjourn: C. P. A., § 44. The petitioner also calls attention to the case of *Fidler* v. *Fidler*, *supra*, wherein this court decided that there was no appeal from a final decree of the Superior Court in a petition for divorce, and argues that, while that case was brought up under a different section of the Court and Practice Act than the present case, nevertheless the reasons for the decision set forth in the opinion are equally applicable to the case at bar, and quotes from said decision at page 103, as follows: "Nowhere in the divorce statute or in the Court and Practice Act is an appeal given from a final decree in divorce *eo nomine*," and points out that neither is there any provision *eo nomine* for a bill of exceptions in a divorce case, and again quotes from said case, at pages 103–104, as follows: "Appeal

in equity is also inapplicable to divorce cases because the legislature has provided in said chapter 195, as amended, section 19: 'After final decree for divorce from the bond of marriage either party may marry again; but no decree for such divorce shall become final and operative until six months after the trial and decision.' At the time of the passage of this section, Pub. Laws, cap. 649, passed April 6, 1899, as follows: SEC. 1. 'Any one justice of the supreme court, assigned to the appellate division, shall be a quorum in said division for the trial of all petitions for divorce, whether contested or uncontested,' was in force and was conclusive evidence of the legislative intention to prohibit any appeal in divorce cases. Gen. Laws, cap. 195,. § 19, was not amended by the Court and Practice Act passed May 3, 1905, and remains in full force and effect. If an appeal from a decree of divorce was contemplated by the framers of the Court and Practice Act, it is singular that they made no. modifications of the peculiar provisions of said section 19. It is evident that no appeal was originally intended, because if there had been there would have been little reason to interpose the period of six months between the decision and final decree,. and none whatever in giving the parties permission to marry again after final decree. It is not to be presumed that it was the intention thereby to legalize bigamy, which might be the effect of allowing appeals from such decrees. It is argued, however, that the appeal operates to suspend the decree, and that in such case the parties would marry at their peril. But it is not alone the peril of the parties that deserves consideration; the rights of the innocent ought to be conserved." The petitioner asserts that there is not a statement contained in the quotation which does not apply with equal force to the allowance of a bill of exceptions. The assertion is true so far as it relates to a bill of exceptions based upon exceptions taken to the final decree in a divorce case. Nevertheless, we will endeavor to point out some dissimilarities in the cases which we think are particularly noticeable. In the first place, in the case of *Fidler* v. *Fidler*, *supra*, the appeal was attempted to be taken from the final decree, while the exception, upon which the bill of exceptions is founded in the case at bar, was taken

to the decision of the court, which must precede the decree by at least six months. The right to appeal in the *Fidler* case was based upon the claim that a divorce case was a statutory proceeding following the course of equity, and that, therefore, an appeal was allowable under the provisions of C. P. A. § 328; while the present case proceeds upon the theory that, for the purposes of saving exceptions in and bringing a bill of exceptions from the Superior Court to the Supreme Court, a divorce case is to be deemed a legal rather than an equitable proceeding. Furthermore, we have held "that a bill of exceptions does not lie to a judgment of the Superior Court. The review of the decision or verdict on exceptions thereto, provided by the statutes, is to be had before judgment is entered. The filing of notice of a bill of exceptions stays the judgment or sentence until further order of the court. It is too late to give such notice after judgment is entered or sentence is pronounced." *Baker* v. *Tyler*, 28 R. I. p. 154.

(2)      The entry of final decree in a divorce case is equivalent to the entry of judgment therein. Therefore, exceptions will not lie in a divorce case after the entry of final decree. The term "civil action," as used in statutes, has been held to be "a proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress of a private wrong." Words & Phrases, vol. 2, 1183.

In *Evans* v. *Evans*, 105 Ind. 204, a divorce case is held to be a "civil action" in such a sense that the provisions of the civil code providing for a change of venue from the county are applicable, the court saying, on page 210: "It would not be reasonable to say, that in a case involving the questions of a divorce, the custody of children, the amount of alimony and the final settlement of property rights, the proceeding is in no sense an 'action for the enforcement or protection of private rights and the redress of private wrongs.' Where all of these interests are involved, in a litigation, the proceeding is clearly an action. . . . . . What is a civil action? It is an action wherein an issue is presented for trial, formed by the averments of the complaint and the denials of the answer, or the replication to new matter, and the trial takes place by the

introduction of legal evidence to support the allegations of the
pleadings, and a judgment in such an action is conclusive upon
the rights of the parties, and could be plead in bar.    *Deer
Lodge Co.* v. *Kohrs.*, 2 Mon. 66, 70.   In a divorce case, under
our statutes, issues are formed, evidence is heard, and judg-
ment is rendered, settling the status of the parties and the
rights of property, and such a judgment is conclusive and can
be pleaded in bar.   Such a proceeding has all the requisites of
an action, and is a civil action, as defined by the code, at least,
in such a sense that the provisions of the civil code providing
for a change from the judge, and a change of venue from the
county, are applicable thereto."   See also *Sullivan* v. *Sullivan,*
92 Me. 84.

In the case of *Lucas* v. *Lucas,* 3 Gray, 136, Shaw, C. J., while
holding that a writ of review will not lie under a statute au-
thorizing the Supreme Court to grant a review in any civil
action, to revise a decree dismissing a libel for divorce, and
pointing out the dangers incident to judicial interference with
final decrees in divorce cases, some of which have been referred
to in *Fidler* v. *Fidler, supra,* made use of the following language
(p. 138):  "It may be that the term 'civil action' in some
respects and to some purposes, may without violence to the
language, be held to include proceedings for divorce; and yet
all laws respecting civil actions may not so apply as to include
those proceedings.   This results necessarily from the un-
certainty and ambiguity of language.   .   .   .   It will be
recollected that at the time of the adoption of the constitution,
and for several years after, proceedings for divorce were not
within the jurisdiction of courts of law, but of the governor and
council, who proceeded according to the forms and principles
of ecclesiastical courts; and even when the jurisdiction was
transferred by St. 1785, c. 69, § 7, it was given exclusively to
the supreme judicial court, acting as an ecclesiastical court,
and it was declared that the decree of the same court should be
final."   And again, on page 139:  "Looking then beyond the
mere philological sense of the term 'civil action,' as used in this
clause of the revised statutes, we find that a process for divorce
is in a certain sense a judicial proceeding; but that originally

this jurisdiction was *not vested* in the courts of common law." Although we agree perfectly with the conclusion to which the learned court arrived, that a writ of review would not lie in such a case, the argument relating to ecclesiastical courts has no application in this State, as the civil law which governs those courts has never been adopted here. We also agree "that all laws respecting civil actions may not so apply as to include those proceedings," but we are of the opinion that some may, and that the provisions of C. P. A. § 481, aforesaid, are peculiarly applicable to divorce cases; for if a bill of exceptions may be maintained on exceptions, taken by virtue of said section, no final decree can be entered until after decision of the bill of exceptions by the Supreme Court. The time required by statute to elapse between the decision and final decree, a period of at least six months, is perfectly consistent with the statutory requirements relating to procedure by bill of exceptions. The remedy, provided by bill of exceptions, under the practice in this State, is very broad, and affords ample opportunity to bring before the court any legal questions that may arise during the trial of the case. In fact, we can see no objections to this course. No one can be injured thereby. No unreasonable delay, concerning which any one could justly complain, will be occasioned by the allowance of this remedy. The rights of innocent third persons can not intervene. The law relating to divorce will be settled by authoritative decisions of the Supreme Court, whereof a majority constitutes a quorum, rather than by the opinions of individual judges whose decisions can not be questioned. The party who ultimately prevails in the case will have the gratification of knowing that he has satisfied the most exacting legal requirements; while the unsuccessful litigant can feel that all objections properly taken in his behalf have been passed upon by the highest tribunal in the State. Under the constitution and statutes a bill of exceptions is the appropriate vehicle to employ for the purposes of bringing and presenting to this court questions of law which may arise in the trial of divorce cases, for determination under our final revisory and appellate jurisdiction.

The other grounds of objection need no consideration at this time.

For these reasons we are of the opinion that C. P. A. § 481, gave, and Gen. Laws, 1909, cap. 298, § 8, gives, to any party to a divorce case, aggrieved in the manner therein set forth, the right to take exceptions, which may form the basis of a bill of exceptions under the statutes.

Wherefore the petitioner's motion to dismiss the respondent's bill of exceptions is denied, and the case will stand for hearing upon the bill of exceptions.

*Tillinghast & Collins, Charles R. Easton,* for petitioner.
*Bassett & Raymond,* for respondent.
*R. W. Richmond,* of counsel.