EARL HARMON *vs.* ANNIE IRENE HARMON.

York.　　Opinion April 16, 1932.

172

*Hiram Willard*, for libellant.
*Roy Sturgis*, for libellee.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J.    This action is on libel for divorce. It was heard by
the judge, without the intervention of a jury, with considerable
apparent conflict of evidence.

After the evidence was all in, counsel for the libellant moved that
the libel be dismissed, without prejudice to the right of his client
to enter and pursue another libel at a subsequent term. The motion
was denied and exceptions taken.

The court then pronounced judgment that the divorce be denied,
and to this decree exceptions were taken.

If the court be sustained in the former ruling there can be no
contention on his right to give judgment on the evidence presented.

Under our laws a libel for a divorce is regarded as a proceeding
in a civil case. Such a suit is a civil suit. *Sullivan* v. *Sullivan*, 92
Me., 84.

The correctness of the ruling that granting or refusing the mo-
tion that the libel be "dismissed without prejudice" is tested, there-
fore, by the rules adopted and followed for the decision of like mo-
tions generally in civil proceedings in court.

The right of the libellant here is very similar to the right of a
plaintiff in regular civil actions when voluntary nonsuit is sought.

In a case in the Superior Court for Kennebec County, where each
party had introduced his evidence and rested, plaintiff declared
himself voluntarily nonsuit.

Defendants objected, and the court ruled, as matter of law,
that the plaintiff could not become nonsuit against defendant's
objection.

On exceptions, this court held the ruling erroneous, and decreed that the granting of nonsuit was within the discretion of the court. *Washburn* v. *Allen,* 77 Me., 344-352. And here it is the rule that exceptions do not lie to the refusal to order a nonsuit. *Cutler* v. *Currier,* 54 Me., 90 ; *Boody* v. *Goddard,* 57 Me., 602 ; *Carleton* v. *Lewis,* 67 Me., 76 ; *Auburn* v. *Water Power Co.,* 90 Me., 71-79 ; *Snowman* v. *Mason,* 99 Me., 490.

The same limitation applies in the case at bar.

To dismiss the libel, without prejudice, or to enter up judgment on the merits of the case after the evidence is heard is within the judicial discretion, and hence, not subject to exceptions.

The decision of the Court on the facts presented to him, without jury, must be sustained where record presents any evidence to sustain his findings.

This court does not, under a bill of exceptions, determine controverted matters of fact. *Curtis* v. *Downes,* 56 Me., 24.

*Exceptions overruled.*