NAPOLEON DEBLOIS
*vs.*
JEANNE DEBLOIS

Somerset.   Opinion, January 25, 1962.

■■■■■■■■■■■■

*Roland J. Poulin*, for plaintiff.

*Jerome J. Daviau*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

TAPLEY, J. On appeal. Napoleon Deblois filed complaint seeking divorce from Jeanne Deblois and asking for custody of their five minor children. Jeanne Deblois filed answer and a cross-complaint praying for a divorce and custody of the children. During pendency of the complaint and cross-complaint the presiding justice ordered temporary care of the four older minor children to be given to the plaintiff and custody of the youngest child to the mother, with the further order to pay the mother the sum of $25.00 per week for her support and that of the minor child in her temporary custody. On December 22, 1960 a hearing was had on the divorce complaint and cross-complaint before the justice below who, after hearing the evidence, reserved his decision.

The points of appellant's appeal are as follows:

"1. That the trial court, on the motion of the defendant, should have made special findings as requested, both of fact and of law, which it did not, in violation of the rules and to the prejudice of the defendant.

2. That the defendant's motion for special findings of fact and of law also contained a request to dismiss both the plaintiff's and the defendant's action, and the defendant's request or motion should have been granted, as a matter of law and public policy.

3. That the presiding justice made an entry of judgment while a motion was pending before him and this was error of law and prejudicial to the defendant.

4. That the defendant filed a motion for dismissal of her action, after finding by the Court, in the nature of a retraxit, which the Court denied, contrary to law and public policy.

5. A motion, filed by the defendant, for relief from judgment, denied by the presiding justice, was not according to law and highly prejudicial to the defendant.

6. That the defendant, in this divorce case, should have been permitted to withdraw her action, on grounds of public policy, if her desire to remain married was properly made manifest to the Court."

We shall first give consideration to appellant's motion to dismiss her cross-complaint.

On February 3, 1961 the justice below sent identical letters to the attorneys representing the complainant and cross-complainant informing them that a judgment of divorce might be filed in accordance with his findings. They were both advised that the cross-complainant, Jeanne Deblois, was entitled to a divorce from Napoleon Deblois for the cause of cruel and abusive treatment, and that the custody of the four youngest minor children would be given to the father as long as their physical custody remained in a paternal aunt. The mother, Jeanne, was awarded the usual rights of visitation. No judgment of divorce was presented to the presiding justice for his signature. On February 7, 1961, after receiving knowledge of the decision in detail, the attorney for the cross-complainant filed a motion with the presiding justice to dismiss the cross-complaint. The motion was dated February 6, 1961. The justice below decided, after hearing all of the evidence, that Jeanne Deblois

was entitled to a divorce but that the welfare of the children required their custody in some other person than their mother. There appeared to be no desire on the part of the cross-complainant to do anything other than to prosecute her cross-complaint until she learned that she would be granted a divorce but not custody of the children. It was then that she requested the court to dismiss her cross-complaint.

The presiding justice prepared and signed a judgment of divorce in accordance with his findings, dating the judgment February 3 to coincide with the date his findings were announced to counsel. He then mailed the executed judgment directly to the Clerk of Courts without notification to counsel. The judgment was entered by the Clerk on February 13, 1961. It is to be noted that the filing of the judgment was six days after the presiding justice had received the motion to dismiss from the attorney representing the cross-complainant. On February 27, 1961, some fourteen days after the judgment was filed, counsel for both parties appeared before the justice below to argue the motion to dismiss. At this time counsel stated they had received no notice of the filing of the judgment, whereupon counsel for the cross-complainant indicated an intention to file a motion for relief from judgment. Hearing on this motion was had on March 6, 1961. The justice below denied the motion for relief from judgment. In denying the motion for relief from judgment he stated, in reference to the motion to dismiss, "If this motion to dismiss is still before the Court, the ruling is one of denial, both upon the law and for the reasons stated below with relation to the current motion for relief from judgment."

The record demonstrates the fact that after receipt of the motion to dismiss, and before hearing date set for the motion, the justice below filed the judgment granting the di-

vorce to the cross-complainant and awarding custody to the paternal aunt of the father.

> "Under our laws a libel for a divorce is regarded as a proceeding in a civil case. Such a suit is a civil suit. Sullivan vs Sullivan, 92 Me. 84.

> "The correctness of the ruling that granting or refusing the motion that the libel be 'dismissed without prejudice' is tested, therefore, by the rules adopted and followed for the decision of like motions generally in civil proceedings in court." *Harmon* v. *Harmon*, 131 Me. 171.

> "(a) *Applicability to Divorce.* These Rules of Civil Procedure shall apply to actions for divorce, except as otherwise provided in this rule. Maine Rules of Civil Procedure, Rule 80.

> "*The rules are in general applicable to divorce and annulment.* A special rule is, however, necessary in order to accommodate practice under the rules to the peculiar necessities imposed by the nature of the rights adjudicated in divorce and annulment." Maine Civil Practice (Field and McKusick) Commentary 80.1. (Emphasis supplied.)

Rule 41 of Maine Rules of Civil Procedure prescribes procedures for dismissal of actions:

> "(a) *Voluntary Dismissal: Effect Thereof.*

> (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23 (c) and of any statute, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before commencement of trial of the action, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action; provided, however, that no action wherein a receiver has been appointed shall be dismissed except by order of the court. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except

that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state or any other state or the United States an action based on or including the same claim.

"(2)   By Order of Court.   Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.   If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the counterclaim shall remain pending for independent adjudication by the court despite the dismissal of the plaintiff's claim.   Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

" - - - - dismissal is permissible in a number of jurisdictions after the submission of the case, or even after the court has announced what it intends to hold, up to the time of judgment."   Marriage and Divorce (Keezer), Sec. 865.

"The notation of a judgment in the civil docket constitutes the entry of the judgment; and the judgment is not effective before such entry."

Rule 58 Maine Rules of Civil Procedure.

Rule 41 permits a plaintiff (in this case the counter-claimant) as a matter of right, to dismiss her counterclaim at any time before commencement of the trial of the action. After commencement of trial it can only be dismissed upon order of court and upon such terms and conditions as the court deems proper.   The cross-complainant could not dismiss her counterclaim as a matter of right under the circumstances of this case.

It is important to recognize the fact that public policy is concerned in cases involving divorce.   Courts must encour-

age rather than discourage the dismissal of divorce actions. Because of the involvement of public policy in divorce actions, they are distinguishable from other forms of litigation. The State is a party to every divorce action and has a well defined interest in the continuance of the marriage relationship on the grounds of public policy. Public policy should be and is one of the prime considerations in considering all procedures relating to divorce and is of extreme importance in its application to all aspects of actions of divorce.

Good faith is the criterion to be applied to the motives of the cross-complainant in judging her motion to dismiss. If her intentions were sincere in that she desired to attempt reconciliation to resume a marital relationship with her husband; to participate with him in making a home for the children so that they can enjoy their natural right to have the love, care and guidance of a father and mother, then her motion should receive favorable consideration. On the other hand, if it is determined her act of filing the motion to dismiss resulted from a dissatisfaction with the outcome of the case, and by this procedure she hoped to vacate the judgment of the court, then a denial of her motion would be in order. The court is entitled to have the respect of litigants in divorce cases to the end that they come to the forum in good faith and with fidelity of purpose.

We are not concerned with the question of what motivated the cross-complainant to file her motion to dismiss, whether it was that she in good faith, " - - - never wanted a divorce from the start" or that she was dissatisfied with the custody decision and was attempting by means of this motion to nullify the entire proceedings.

We are careful to point out that our function is not to determine the motives of the cross-complainant in filing her motion or to decide the merits of it, as these are decisions for the trial judge to make after hearing the evidence.

Our responsibility is to decide the procedural status of the motion and its effect on the rights of the appellant.

Although the cross-complainant did not have the right to voluntarily dismiss her action, she was, however, entitled to a hearing on the merits of the motion. The filing of the divorce judgment by the justice below, after he had actual notice of the pending motion to dismiss, destroyed her legal right to such hearing. In this respect she was aggrieved and suffered prejudice.

The conclusion we have reached on the motion to dismiss makes it unnecessary for us to consider the other questions raised by appellant's points of appeal.

> *Appeal from denial of motion to dismiss counter-complaint sustained.*
>
> *Judgment of divorce vacated.*
>
> *Case remanded for hearing and decision on motion to dismiss counter-complaint with such further action as may be determined; all without prejudice to either party.*