December 20, 2021

**Supreme Court**

No. 2020-105-M.P.
(No. 19-1719)

Althea Johnson et al.                    :

          v.                             :

Horace Johnson et al.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Althea Johnson et al.            :

v.                               :

Horace Johnson et al.            :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**    This case has come before us pursuant to

a March 13, 2020 order of the United States Court of Appeals for the First Circuit

certifying a question to this Court in accordance with Article I, Rule 6(a) of the

Supreme Court Rules of Appellate Procedure.   The certified question reads as

follows:

"What is the definition of 'civil action' in R.I.G.L. § 27-7-2.2?"[1]

---

[1]    General Laws 1956 § 27-7-2.2 provides as follows:

"In any *civil action* in which the defendant is covered by
liability insurance and in which the plaintiff makes a
written offer to the defendant's insurer to settle the action
in an amount equal to or less than the coverage limits on
the liability policy in force at the time the action accrues,
and the offer is rejected by the defendant's insurer, then
the defendant's insurer shall be liable for all interest due
on the judgment entered by the court even if the payment

The order further states that the First Circuit would "welcome further guidance from the Rhode Island Supreme Court on any other relevant aspect of Rhode Island law that it believes would aid in the proper resolution of the issues pending in this matter."

This case was heard before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised herein should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this case may be decided at this time.

For the reasons set forth in this opinion, we answer the certified question as follows: The term "civil action" in G.L. 1956 § 27-7-2.2 refers to a judicial proceeding which "is commenced by the filing [in court] of a complaint and all other required documents together with the fees prescribed by law." Super. R. Civ. P. 3.

## I

### Facts and Travel

We need not delve very deeply into the factual background of this case due to the fact that we are called upon to answer only a narrow question of statutory

---

of the judgment and interest totals a sum in excess of the policy coverage limitation. This written offer shall be presumed to have been rejected if the insurer does not respond in writing within a period of thirty (30) days." (Emphasis added.)

interpretation. In relating the necessary facts, we rely primarily on the opinion issued by the First Circuit that resulted in its decision to certify the instant question to this Court. *See Johnson v. Johnson*, 952 F.3d 376 (1st Cir. 2020).

On December 17, 2017, Horace Johnson, a resident of Massachusetts, was driving a car in Providence, Rhode Island, in which Carlton Johnson, one of the plaintiffs, was a passenger. *Id.* at 377. The car struck a utility pole and both Horace[2] and Carlton were seriously injured. *Id.* In addition to Horace, State Road Auto Sales (which had leased the car to Horace) and Arbella Mutual Insurance Company (Arbella) are the other defendants in this matter. *Id.* Arbella had issued an automobile insurance policy to Horace, which policy had a limit of $100,000 for coverage for bodily injury to guest occupants of the motor vehicle injured in accidents outside of Massachusetts. *Id.*

After the accident, but *before suit was filed by any party*, Carlton's counsel sent a letter to Arbella dated January 25, 2018, which letter demanded a settlement in the amount of the $100,000 policy limit. *Id.* On February 28, 2018, Arbella sent a response to Carlton's counsel indicating its acceptance of the settlement offer. *Id.* Thereafter, on March 6, 2018, Carlton and his mother, Althea Johnson, filed suit in

---

[2] We shall refer to several parties by their first names for the purpose of clarity. In so doing, we intend no disrespect.

the Rhode Island Superior Court.[3]  *Id.*  Arbella removed the case to federal court.

*Id.*

The defendants then moved for summary judgment on all counts.  *Id.*  The

United States District Court for the District of Rhode Island granted that motion and,

in so doing, rejected Carlton's argument that § 27-7-2.2 applied to the case and

would render Arbella's acceptance of the settlement offer ineffective because the

acceptance occurred after the thirty-day statutorily prescribed deadline.  *Id.*  The

District Court held that the "civil action" language in the statute at issue required

that a "legal proceeding in court * * * be underway" for the statute to be applicable;

in view of that holding, a valid settlement contract was entered into between the

parties for the policy limit and there was no need for any further court proceedings.[4]

*Id.*  Carlton filed a timely appeal of the District Court's decision as to Counts One

---

[3]  Althea and Carlton filed a three-count complaint.  Count One sought damages for Carlton's personal injuries, medical treatment, lost wages, loss of consortium, and loss of earning capacity.  Count Two sought recovery by Althea for the post-accident care she provided to Carlton, which allegedly resulted in lost wages, loss of consortium, and other damages.  Count Three alleged that Arbella had violated certain provisions of Rhode Island and Massachusetts insurance law.

[4]  The District Court also granted summary judgment as to Count Two, holding that Althea could not recover because: (1) Rhode Island does not recognize a claim for loss of consortium for a parent who is not the parent of an unemancipated minor (Carlton was twenty-eight years old at the time of the accident); and (2) it is the law in Rhode Island that a claim for negligent infliction of emotional distress requires that the parent be present at the scene of the accident, and Althea was not alleged to have been present.  The District Court's grant of summary judgment in favor of defendants on Count Two was not appealed.

- 4 -

and Three; and, on March 13, 2020, the First Circuit entered an order certifying the instant question to this Court. *Id.* at 377-78. On October 23, 2020, this Court accepted the certified question for determination.

## II

### Standard of Review

We have held that "[c]ertified questions are questions of law; and, consequently, this Court reviews them in a *de novo* manner." *In re Kapsinow*, 220 A.3d 1231, 1233 (R.I. 2019); *see also Mancini v. City of Providence*, 155 A.3d 159, 161 (R.I. 2017). We have also consistently held that this Court applies a *de novo* standard of review when addressing issues of statutory interpretation. *In re Kapsinow*, 220 A.3d at 1233; *see also State v. LaRoche*, 925 A.2d 885, 887 (R.I. 2007).

## III

### Issues Presented

Carlton contends before this Court that the term "civil action" in § 27-7-2.2 means "the legal right of an injured party to seek relief in a Court of Law." In so arguing, he relies on this Court's opinions in *DeMarco v. Travelers Insurance Co.*, 26 A.3d 585 (R.I. 2011), and *Summit Insurance Co. v. Stricklett*, 199 A.3d 523 (R.I. 2019). He further avers that the legislative intent in enacting § 27-7-2.2 was to encourage settlement of claims from the time the action accrues and that, therefore,

the statute could not have been meant to exclude "pre-suit written offers * * *." Carlton further finds significance in the language in the statute referring to "the time the action accrues," contending that said language indicates that a "civil action" comes into existence prior to the filing of a complaint. Lastly, he posits that construing § 27-7-2.2 to require the commencement of a judicial proceeding would be absurd.

In response, Arbella contends that the "United States District Court itself previously recognized that the statute only applies to matters in suit;" it further avers that the statute does not apply to "conduct of non-litigants during settlement negotiations in the claim stage, before suit is filed."

## IV

## Analysis

We are concerned in this case with the First Circuit's certified question asking this Court to define the term "civil action" as it is used in the following statutory language:

> "In any *civil action* in which the defendant is covered by liability insurance and in which the plaintiff makes a written offer to the defendant's insurer to settle the action in an amount equal to or less than the coverage limits on the liability policy in force at the time the action accrues, and the offer is rejected by the defendant's insurer, then the defendant's insurer shall be liable for all interest due on the judgment entered by the court even if the payment of the judgment and interest totals a sum in excess of the policy coverage limitation. *This written offer shall be*

*presumed to have been rejected if the insurer does not respond in writing within a period of thirty (30) days.*"
Section 27-7-2.2 (emphasis added).

For the sake of clarity, we note that the definition of "civil action" is of import in the case before the First Circuit because, if "civil action" is defined as requiring the commencement of a judicial proceeding, as Arbella suggests, then the statute is not applicable to the facts of the case and Arbella properly accepted Carlton's settlement offer. Consequently, a settlement contract would exist between the two parties, and nothing further would remain to be determined by a court. If, on the contrary, we define "civil action" in the manner which Carlton suggests, Arbella's acceptance of the settlement offer was not sufficiently timely under the statute and this case would need to proceed in court.

In order to resolve this question, we turn to our jurisprudence with respect to the interpretation of statutes. "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012) (internal quotation marks omitted); *see also Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I. 1996). It is only if the statutory language is ambiguous that we will turn to "our well-established maxims of statutory construction in an effort to glean the intent of the Legislature." *In re B.H.*, 194 A.3d 260, 264 (R.I. 2018) (internal quotation marks

omitted); *see also In re Kapsinow*, 220 A.3d at 1234.  In addition, "under no circumstances will this Court construe a statute to reach an absurd result." *In re Kapsinow*, 220 A.3d at 1234.

After careful review of the statutory section at issue and the contentions of the parties before this Court, we are of the decided opinion that § 27-7-2.2 is clear and unambiguous; as such, our role is simply to articulate the plain meaning of the statutory language.  *See Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 291 (R.I. 1999) ("The language of § 27-7-2.2 is neither complex nor ambiguous * * *.").  It is clear to this Court that, as used in the statute at issue, the term "civil action" requires that a judicial proceeding have been commenced; it does not refer to the situation at issue in the present case where suit had not yet been filed when the settlement offer and the acceptance of the settlement offer took place.

Indeed, this Court has previously (albeit not in the recent past) defined "civil action." *See Thrift v. Thrift*, 30 R.I. 357, 363, 75 A. 484, 487 (1910).  In that earlier case, this Court wrote: "The term 'civil action,' as used in statutes, has been held to be *a proceeding in a court of justice* by one party against another for the enforcement or protection of a private right or the redress of a private wrong." *Id.* (emphasis added) (internal quotation marks omitted).  Perhaps more importantly, Rule 3 of the Superior Court Rules of Civil Procedure provides as follows: "A civil action is commenced by the filing of a complaint and all other required documents together

with the fees prescribed by law."[5] *See also* Dist. Ct. Civ. R. 3; R. Dom. Rel. P. 3. Accordingly, it is patently clear to this Court that the term "civil action" in § 27-7-2.2 refers to a judicial proceeding which is commenced by the filing of a complaint and all other required documents together with the fees prescribed by law.

That being said, we pause to briefly address Carlton's contentions to the contrary. We note initially that Carlton has been unable to point this Court to *any pertinent source* in which "civil action" is defined in the manner for which he is advocating. Instead, he relies heavily on our opinions in *DeMarco*, 26 A.3d at 585, and *Summit Insurance Co.*, 199 A.3d at 523. It is true that, as the First Circuit noted, those two cases at some point involved § 27-7-2.2 and "had their genesis in pre-suit settlement negotiations." *Johnson*, 952 F.3d at 378. However, in our view, neither opinion is relevant to the question currently presented to us.

In *DeMarco*, a settlement offer for the policy limit was made before as well as *after* the commencement of a judicial proceeding. *DeMarco*, 26 A.3d at 588, 590. Therefore, given the chronology of the two offers in *DeMarco*, that case involved a "civil action" under the definition advocated for by either party in this case. As such,

---

[5]     Although we need not and do not rely on it in making our determination in this case, it is interesting to note that Black's Law Dictionary defines a "civil action" as "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." Black's Law Dictionary 38 (11th ed. 2019).

the *DeMarco* opinion is not instructive on the issue presented herein.[6]  In *Summit Insurance Co.*, there was no settlement offer made by the plaintiff/injured party to the insurance company for the policy limit prior to the commencement of the judicial proceeding, and our analysis in that case was not based on § 27-7-2.2, nor did our opinion even discuss that statutory section. *Summit Insurance Co.*, 199 A.3d at 525, 527, 528-33 (noting only that the trial justice found § 27-7-2.2 did not apply to the case).  Accordingly, it too is not instructive.[7]

Lastly, in our view, Carlton's contention that the "at the time the action accrues" language in § 27-7-2.2 weighs in favor of his proposed definition of "civil action" is unavailing.  It will be recalled that § 27-7-2.2 provides in relevant part as follows: "In any *civil action* in which the defendant is covered by liability insurance and in which the plaintiff makes a written offer to the defendant's insurer to settle the action in an amount equal to or less than the coverage limits on the liability policy in force *at the time the action accrues* * * *." (Emphasis added.)  Carlton contends

---

[6]     We note as well that, in answering this certified question, we are called upon simply to interpret the language of § 27-7-2.2.  This case does not implicate our opinion in *Asermely v. Allstate Insurance Company*, 728 A.2d 461 (R.I. 1999), and our jurisprudence stemming therefrom.

[7]     We are further unswayed by Carlton's reliance on *Armacost v. Amica Mutual Insurance Co.*, 11 F.3d 267 (1st Cir. 1993), for the purpose of reminding this Court that the purpose of § 27-7-2.2 is "to accelerate the settlement of tort cases." *Armacost*, 11 F.3d at 270; *see also Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 291 (R.I. 1999).

that that language makes it "clear that 'action' as used in the statute occurs prior to the filing of a complaint." He relies on the following statement in *Cardi Corp. v. State*, 561 A.2d 384 (R.I. 1989): "Numerous courts have held that a cause of action does not begin to accrue until an injured party has a right to seek relief in court." *Cardi Corp.*, 561 A.2d at 387. We are not convinced by this argument; while a *cause of action* certainly can accrue prior to a judicial proceeding being commenced, it is not yet a *civil action* until a complaint is filed.

As such, we remain unpersuaded by Carlton's contentions before this Court, and we shall abide by the plain meaning of the statutory language at issue.

## V

## Conclusion

Accordingly, we answer the certified question as follows: The term "civil action" in G.L. 1956 § 27-7-2.2 refers to a judicial proceeding which is commenced by the filing of a complaint and all other required documents together with the fees prescribed by law. The papers in this case may be returned to the United States Court of Appeals for the First Circuit for further proceedings.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Althea Johnson et al. v. Horace Johnson et al. |
| **Case Number** | No. 2020-105-M.P.<br>(No. 19-1719) |
| **Date Opinion Filed** | December 20, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Certified Question by the United States Court of Appeals For the First Circuit in accordance with Article I, Rule 6 of the Supreme Court Rules of Appellate Procedure. |
| **Judicial Officer from Lower Court** | Judges O. Rogeriee Thompson, Norman H. Stahl, and David J. Barron of the United States Court of Appeals For the First Circuit. |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Ronald J. Resmini, Esq.<br>Charles N. Garabedian, Esq. |
| | For Defendants:<br><br>Thomas A. Pursley, Esq.<br>Stephen E. Navega, II, Esq.<br>Lisa M. DeMari, Esq. |