JENNIE L. FIDLER vs. WELCOME FIDLER.

JANUARY 7, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ

(1)  *Appeal from Decree in Divorce.*

A right of appeal does not lie from a final decree of the Superior Court in a petition for divorce.

APPEAL from decree of Superior Court on facts set forth fully in opinion.  Appeal dismissed.

DUBOIS, J.   This is an appeal from the decree of the Superior Court granting the petitioner a divorce from bed, board, and future cohabitation with the respondent, until they can be reconciled; giving her the custody of their two children; making an allowance to her, and denying the cross-petition of the respondent for an absolute divorce from the petitioner.

Obviously the first question that arises for determination is: Does an appeal lie from such a decree?  "A right of review by appeal or writ of error does not exist in suits for divorce, unless as· is the case in most jurisdictions, the right is conferred by constitution or statute."   14 Cyc. 731, and cases cited.   Upon this question the constitution is silent.

The respondent claims that such right is conferred by that portion of section 328 of the court and practice act which reads as follows:  "Any party aggrieved by a final decree of the superior court in any cause in equity or proceeding following the course of equity may, within thirty days after the entry thereof,  . . . . appeal to the supreme court."   The jurisdiction of the Superior Court in the premises is based upon the provisions of section 9 of said act:  "The superior court shall have exclusive original jurisdiction, except as otherwise provided by law, of suits and proceedings in equity, and of statutory proceedings following the course of equity, of petitions for divorce, separate maintenance, alimony and custody of children."

By the terms of section 304 of the act it is provided that: "All petitions for the enforcement of mechanics' liens, petitions for divorce, and statutory proceedings so prescribed by statute, shall follow the course of equity so far as the same is applicable." By the words "shall follow the course of equity," etc., we understand the legislature to intend that such proceedings shall follow the procedure in equity so far as the same is applicable. The statute nowhere states that a petition for divorce has been, is, or is to become a proceeding always following the course of equity. In fact, in section 9 aforesaid, it is treated as something different and beyond a suit or proceeding in equity or a statutory proceeding following the course of equity, because it is mentioned after them and is properly classified with its cognate subjects—separate maintenance, alimony, and custody of children. Divorce proceedings in this State are purely statutory. *Sammis* v. *Medbury*, 14 R. I. 214; *Leckney* v. *Leckney*, 26 Ibid., 441, and, therefore, a proper construction of the statute of divorce, and the sections of the court and practice act, affecting the same, hereinbefore referred to, will determine the question before us. The statute relating to divorce is Gen. Laws cap. 195, as amended by Public Laws cap. 971, passed April 2, 1902. Nowhere in the divorce statute or in the court and practice act is an appeal given from a final decree in divorce *eo nomine*. Appeals are granted in equity and in cases following the course of equity. Divorce cases are directed to follow the course of equity so far as the same is applicable; the very language admits that it may not always be applicable, and that the same is not always so appears in said chapter 195, as amended in section 18: "No divorce from the bond of marriage shall be granted solely upon default nor solely upon admissions by the pleadings, nor except upon trial before the court in open session," etc. See *Selby* v. *Selby*, 27 R. I. 172.

Appeal in equity is also inapplicable to divorce cases because the legislature has provided in said chapter 195, as amended, section 19: "After final decree for divorce from the bond of marriage either party may marry again; but no decree for such divorce shall become final and operative until six months after

the trial and decision." At the time of the passage of this section, Pub. Laws, cap. 649, passed April 6, 1899, as follows: "Sec. 3. Any one justice of the supreme court, assigned to the appellate division, shall be a quorum in said division for the trial of all petitions for divorce, whether contested or uncontested," was in force and was conclusive evidence of the legislative intention to prohibit any appeal in divorce cases. Gen. Laws, cap. 195, section 19, was not amended by the court and practice act passed May 3, 1905, and remains in full force and effect. If an appeal from a final decree of divorce was con-- templated by the framers of the court and practice act, it is singular that they made no modifications of the peculiar provisions of said section 19. It is evident that no appeal was originally intended, because if there had been there would have been little reason to interpose the period of six months between the decision and final decree, and none whatever in giving the parties permission to marry again after final decree. It is not to be presumed that it was the intention thereby to legalize bigamy, which might be the effect of allowing appeals from such decrees. It is argued, however, that the appeal operates to suspend the decree and that in such case the parties would marry at their peril. But it is not alone the peril of the parties that deserves consideration; the rights of the innocent ought to be conserved.

As was said by Lane, Judge, in *Bascom* v. *Bascom*, 7 Ohio, 2nd pt. 126: "Where a divorce is granted, upon which one of the parties contracts new relations, and a third party acquires rights, it can not be that a process could be had to reverse a decree, the consequences of which would be a severance of all those new relations. Such anomalous mischief can not be engrafted on the practice of our courts, except by clear and explicit legislative enactment. That, we feel confident, can never take place."

It is suggested that the case at bar is not one of divorce *a vinculo* but *a menso et thoro*, and that therefore the question of remarriage does not arise. We do not regard this distinction as important in this consideration because we think it highly improbable that the law makers intended in a general section

relating to appeals to include temporary and exclude permanent divorces. Such a construction of the statute would be repugnant to our sense of just proportion.

We are therefore of the opinion that no appeal lies from a final decree of the Superior Court in a petition for divorce.

The appeal is dismissed, and the cause remanded to the Superior Court for further proceedings.

*John W. Sweeney*, for petitioner.
*Clarence A. Aldrich*, for respondent.