The Petition for Writ of Prohibition in Belle Stanton McLaughlin *vs.* James McLaughlin.

JULY 6, 1922.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Prohibition.*

The ordinary office of a writ of prohibition is to restrain an inferior tribunal from acting without jurisdiction or in excess of its jurisdiction. The writ will not be granted where the petitioner has an adequate remedy by review, if such tribunal should so act.

*(2)  Divorce.  Prohibition.*

Where after decision for a petitioner in divorce, and before entry of final decree petitioner filed notice of her discontinuance of the petition which the court refused to permit and respondent moved for entry of final decree which was opposed by petitioner, while the superior court has jurisdiction of the subject matter and of the parties, yet because of the peculiar nature of divorce proceedings, petitioner might be left without adequate relief by the ordinary methods to review any error of the court in entering the decree, and a petition for writ of prohibition is an appropriate medium to bring the threatened action of the court up for review.

*(3)   Extraordinary Writs.*

Ordinarily the supreme court will restrict the use of extraordinary writs to their generally recognized offices but in any situation when no other remedy is provided it will so employ them as will most efficiently aid in the exercise of its revisory and appellate powers.

*(4)   Divorce.*

A petition for divorce cannot be treated as an ordinary suit for the determination of rights upon adversary claims. Throughout the travel of the cause the state desires that the marriage relation shall not be dissolved and after a showing entitling a petitioner to divorce the law will not force it upon the petitioner if he does not then desire it, nor should the court listen to the guilty spouse demanding an advantage from wrong doing.

*(5)   Divorce.   Final Decree.*

It is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given.

PETITION for writ of prohibition. Heard on petition for writ and granted.

SWEETLAND, C. J. This is a petition for a writ of prohibition in the above entitled cause, which cause is a petition for divorce now pending in the Superior Court. The petitioner seeks to stay that court from entering a final decree dissolving the bond of marriage between the parties.

The petition as amended prayed for an absolute divorce; it was tried before a justice of the Superior Court, and on September 27, 1921, said justice rendered his decision for the petitioner on the grounds that the respondent was guilty of extreme cruelty to the petitioner, and of neglect and refusal, being of sufficient ability, to furnish necessaries for the subsistence of the petitioner. In his decision said justice fixed the amount of alimony to be paid to the petitioner and also the amount of an allowance to her for her support *pendente lite*. On March 22, 1922, before the expiration of six months after said decision, during which time under our statute, a "final and operative decree" in the cause could not be entered, the petitioner filed notice in the clerk's office of the Superior Court of her withdrawal and discontinuance of the petition. That notice came before said justice and he refused to permit the petitioner to discontinue. His

refusal has not as yet been brought before us for review and a consideration of its propriety is not involved in this proceeding. On March 28, 1922, after the expiration of six months from the entry of said decision the respondent moved that a final decree be entered divorcing the parties from the bond of marriage. This motion was opposed by the petitioner. After hearing, said justice announced that he should grant the motion and enter final decree but that he would not do so until the petitioner should have had an opportunity to question, before this court, the propriety of his intended action. The petitioner thereupon commenced this proceeding, asking for a writ of prohibition against said justice.

(1) The ordinary office of a writ of prohibition is to restrain an inferior tribunal from acting without jurisdiction or in excess of its jurisdiction. The position of this court has been that it would not grant the writ when it appeared that a petitioner had an adquate remedy by review, if such tribunal should so act. In this case the Superior Court has jurisdiction of the subject matter and of the parties. The intended action of the Superior Court may be erroneous but it can not properly be said that the court is about to act without jurisdiction or in excess of its jurisdiction. If, however, it would be error to enter a final decree and the Superior Court should take that action, then, because of the peculiar nature of divorce proceedings, the petitioner might be left without adequate relief by the ordinary

(2) methods for review. In *Fidler* v. *Fidler*, 28 R. I. 102, this court has held that an appeal does not lie from a final decree for divorce; and in *Thrift* v. *Thrift*, 30 R. I. 357, it was held that in divorce an exception will not lie after the entry of final decree. If said justice should enter the final decree, as he has announced, the petitioner might bring such action before us upon *certiorari*, but after the entry of a final decree for divorce from the bond of marriage either party may marry again, and there would be the possibility that, before this petitioner could commence proceed-

ings in *certiorari* and serve notice of a stay, the respondent might contract a new marriage and the rights of a third party arise, affecting the relief which would be given to this petitioner, even though the action of the Superior Court should be regarded as erroneous. *Fidler* v. *Fidler, supra.*

Under the provisions of Section 2, Chapter 272, General Laws, 1909, carrying out the provisions of the constitution, this court among other things has general supervision of all courts of inferior jurisdiction to prevent and correct errors and abuses therein, when no other remedy is expressly provided, and may issue extraordinary and prerogative writs, including that of prohibition, necessary for the furtherance of justice and the due administration of the law. Under its authority to frame and issue such writs and processes as may be necessary or proper to carry into full effect all the powers and jurisdiction which shall be conferred upon it (Section 6, Chapter 274, General Laws, 1909), this court has held that it "is not confined to any narrow technical definition of the office of extraordinary writs but may use those writs in their accepted form when adapted to the purpose sought." *Hyde* v. *Superior Court,* 28 R. I. 204. Ordinarily this court will restrict the use of those writs to their generally recognized offices, but, in any situation, when no other remedy is provided it will so employ them as will most efficiently aid in the exercise of its revisory and appellate powers. We are of the opinion that in the circumstances, in view of the peculiar nature of practice in divorce, the petition for the writ is an appropriate medium to bring the threatened action of said justice before us, that we may consider whether such action would be erroneous.

(3)

Marriage and the family relation is regarded as one of the foundations of our social order. To many in our community the contract of marriage is a solemn obligation requiring the sanction of religion and one which should not be dissolved save for the gravest reasons. Our law has prescribed certain formalities for the establishment of the marriage relation which are intended, among other things,

to emphasize its serious character. When the marriage relation is established, the state is deeply interested in its continuance. In his supplementary brief the respondent takes exception to the statement made at the hearing: that divorces are not favored in the law, and calls our attention to the fact that they are expressly permitted under our statute. The two statements exactly declare our law and public policy. The state strongly desires a continuation of the marriage relation, and hence is unfavorable to divorce; when however one of the parties has been guilty of serious fault, subversive of the marriage and the other is entirely blameless, then the law will permit a divorce, but upon the prayer of the innocent spouse only; and although the guilt of the other is clearly shown a divorce will not be granted if there has been a condonation of the offence. In many of its aspects a proceeding for divorce is *sui generis.* In the ordinary civil action the state provides a forum for the adversary parties; it endeavors to see to it that the proceedings are carried on in accordance with law; and for the good order of society it seeks to have justice done; but it has no vital interest in the outcome. It permits judgments by default, it recognizes the equal privilege of either party to have the final decision ripen into a judgment which shall conclusively establish his rights in the matter in controversy. A petition for divorce, however, seeks to set aside a relation which the state desires shall continue for the good of society. In every proceeding for divorce the state is a party and the action has been called "a triangular suit," with the interests of the state under the protection of the court. *Berger* v. *Berger,* 44 R. I. 295. The state will not permit a divorce to be granted by default nor upon admissions of the respondent made in the pleadings; but only upon affirmative convincing evidence that the petitioner is without fault and that the respondent has been guilty of an offence which is destructive of the marriage contract. After evidence warranting a decision in favor of the petitioner the court may not enter a final and operative decree until six months after

the decision.   There are a number of apparent causes for this extended delay, among which some courts, with reason, have seen a purpose to give further opportunity for condonation and for reconciliation.   The petitioner gives as a reason for not desiring the entry of final decree that she is willing to condone the respondent's offences, and hopes, if the marital relation be permitted to continue, that there will be a reconciliation between the parties.   In this, the respondent's counsel doubts the good faith of the petitioner. The court would not question, nor pass upon her sincerity, in taking this position, which is in accord with that of the state.

The respondent is at fault in asking us to treat a petition for divorce as an ordinary suit for the determination of rights upon adversary claims.   We must apply the principles which pertain to this peculiar proceeding.   Throughout the travel of the cause the state desires that the marriage relation shall not be dissolved.   Nevertheless it will grant a divorce to a party without fault, who has shown a marital situation to exist which such party should not be required longer to endure.   Even after that showing, the law will not force a divorce upon a party entitled to it under the statute, if he does not then desire it.   Nor should the court listen to the guilty spouse demanding an advantage from wrong doing.   From these principles the rule arises that it is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given. Some courts have held, and we think with reason, that a respondent should not be required to remain indefinitely in the uncertain condition which arises when a decision for divorce has been entered and six months have elapsed and the petitioner refuses to ask for the entry of a final decree. In such circumstances the court will require the successful petitioner, after a reasonable time, either to consent to the entry of a final decree or to withdraw the petition for divorce.

In his supplemental brief the respondent states that in a number of instances the Superior Court has entered a final decree for divorce upon motion of the respondent and over

the objection of the petitioner.   The respondent urges:   if we hold that the Superior Court should not enter a final decree in this case, as it purposes to do, then all the decrees which that court has entered in similar circumstances in the past would be made void, marriages contracted by the parties after such decrees would become unlawful, children of such marriages would be rendered illegitimate and "property rights, contractual rights and all other human relationship based in law upon the existence of such decrees be null and void."   In this the respondent overlooks the distinction between the action of a court which is erroneous, and one taken by a court without jurisdiction.   If any decree has been entered in the past, as the respondent states, and no proper action has been taken to set it aside as erroneous, it is not now properly the subject of attack because entered contrary to the wish of a petitioner who had obtained a decision on the merits.   Our determination adverse to the respondent will not produce the unfortunate results which the respondent has forecast.

The petition is granted.   A writ of prohibition will issue commanding the Superior Court to refrain from entering a final decree divorcing the parties from the bond of marriage upon the motion of the respondent, contrary to the wish of the petitioner.

*James G. Connolly*, for petitioner.

*Laurence F. Nolan, Fitzgerald & Higgins, John J. Fitzgerald, William H. Camfield*, for respondent.