ETHEL W. HALL *vs.* FRANK W. HALL.

JULY 12, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This petition for divorce is here on petitioner's exception to the decision of the superior court granting

respondent's motion that the petitioner be required either to consent to the entry of a final decree of divorce on the decision which she obtained after the hearing of her petition in that court or to withdraw the petition.

The petitioner contends that the respondent had no standing in the superior court to request the court to require her to consent to the entry of final decree, because, at the time of the filing of his motion and the decision of the superior court thereon, the respondent was in contempt of that court by reason of his disobedience of its decree ordering him to pay to the petitioner a certain weekly allowance for the support of their minor children.

This petition was filed in the superior court on June 23, 1931. On January 6, 1932, decision was rendered for the petitioner and a decree was entered awarding her the custody of their minor children and an allowance for their support. On July 10, 1933, petitioner filed a motion in the superior court to have the respondent adjudged in contempt for neglect to pay such allowance. There is no record of a decision or a decree on this motion, although it appears from a jacket-entry to have been heard by a justice of that court on July 22, 1933.

On October 25, 1938, petitioner filed another motion to adjudge the respondent in contempt. This motion was duly heard and granted and, on December 8, 1938, a decree was entered adjudging the respondent in contempt and allowing him to purge himself of such contempt by paying regularly each week to the petitioner an allowance of $16, as ordered by prior decree, and by also paying to the petitioner $8 each and every week until the sum of $470 is paid in full, that sum being the unpaid arrears of the weekly allowance ordered by prior decree.

Thereafter, on December 30, 1938, respondent filed his motion in the superior court to require petitioner either to

consent to the entry of a final decree or to withdraw her petition for divorce. This motion was heard on January 27, 1939, and continued to March 10, 1939, on which date it was further heard. On March 21, 1939, a rescript granting the motion was filed by the justice of the superior court who heard it.

The respondent contends that it is within the jurisdiction of the superior court to hear and decide such a motion filed by an unsuccessful respondent in a divorce proceeding and cites as authority *McLaughlin* v. *McLaughlin*, 44 R. I. 429, 117 A. 649. We do not understand that the petitioner here disputes this contention but that she contends that the respondent is not entitled to be heard while he is in contempt.

In the *McLaughlin* case the petitioner sought to discontinue her petition after a decision had been rendered in her favor and before a final and operative decree of divorce could be entered. The superior court refused to permit her to discontinue. The respondent, who was not in contempt, thereafter and also after the expiration of six months from the entry of said decision moved that a final decree be entered divorcing the parties from the bond of marriage. The superior court indicated after a hearing that it would grant the motion but delayed actually doing so in order to permit the petitioner to question, in this court, the validity of such contemplated action by the superior court. On petitioner's application for a writ of prohibition, this court held that it was error to enter a final decree of divorce against the wish of a petitioner in whose favor a decision has been given. However, in deciding the question the court went on to say: "Some courts have held, and we think with reason, that a respondent should not be required to remain indefinitely in the uncertain condition which arises when a decision for divorce has been entered and six months have elapsed and the petitioner refuses to ask for the entry of a final decree.

In such circumstances, the court will require the successful petitioner, after a reasonable time, either to consent to the entry of a final decree or to withdraw the petition for divorce."

The respondent contends on the authority of the above-quoted language that the superior court had jurisdiction to hear and decide his motion. The petitioner does not controvert this contention but does contend that the trial justice committed error in hearing and deciding the motion while the respondent was in contempt of the superior court. The real question, therefore, is whether the trial justice committed error under the circumstances in which this motion was heard and decided. And this question involves a further question: Was the respondent, in asking the court to grant his motion, requesting a favor or was he asserting a right as a defendant in the divorce proceedings?

The respondent contends that he was entitled to make this motion as a matter of strict right, that is, as he states in his brief, "a right to know whether or not he is a married or unmarried man, a right as absolute and inviolate as any property right." He likens his motion to one to dismiss for lack of prosecution, which was said in *Johnson* v. *Pinney,* 1 Paige Ch. Rep. N. Y. 646, to be a matter of strict right. We do not think this is so. The prosecution of the divorce petition is concluded in the instant case in favor of the petitioner. There remains to be done only the entry of final decree.

Petitioner on the other hand contends that the respondent is seeking equitable relief and that he is actually the moving party who, while in contempt, is asking that affirmative action be taken by the court in his favor. Respondent is not, she argues, asserting a right to defend himself in contempt proceedings after responding to a citation or appearing on a body attachment or appealing from an adverse

decision in contempt proceedings. All these she concedes he has a right to do even though in contempt. She also concedes the general rule of law to be that in matters of strict right a defendant in contempt cannot be denied an opportunity at the proper time to put in his defense.

As we see it, there is therefore no need to review the numerous authorities cited by the respondent on this latter point. We have, however, carefully examined certain of those authorities most strongly relied upon by the respondent and in none of them have we found a factual situation similar to the instant one.

For example, in *Hovey* v. *Elliott,* 167 U. S. 409, 414, the trial court struck the defendant's answer from the files, refused to hear him and ordered the bill filed against him to be taken *pro confesso.* In denying the authority of the court to deal with the defendant in this summary and arbitrary manner, the supreme court said: "To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends." And further on, in reviewing a long line of cases on the question before it, the court also said: "The difference between the want of power, on the one hand, to refuse to one in contempt the right *to defend in the principal case on the merits,* and the existence of the authority, on the other, to refuse to accord a favor to one in contempt, is clearly illustrated by the whole line of adjudicated cases." (italics ours)

In *Sibley* v. *Sibley,* 76 App. Div. 132 (N. Y.), the trial court had before it a divorce action in which the defendant was adjudged in contempt of court for failure to pay alimony and counsel fee as ordered by the court. At the hearing the court ordered his answer stricken from the record,

denied him an 'opportunity to show anything affirmatively in his own defense either by way of examination of plaintiff's witnesses or by presenting his own witnesses. The appellate division in reversing the trial court said: "The defendant did not institute the action and he did not ask that it be tried. The plaintiff forced it to trial against his will, and a judgment resulted which deprived him of property without his having been heard in defense of his rights. This the Supreme Court of the United States has quite recently unanimously decided may not be done. (*Hovey* v. *Elliott*, 167 U. S. 409)" But the court observed that the *Hovey* case "manifestly does not apply to cases where the *party in contempt is the moving party* and is praying for some relief at the hands of the court in which he is in contempt." (italics ours)

These two cases are typical of many others cited by the respondent. It is clear that the instant case does not fall into the class of any of them. Here the principal case has been fully and fairly tried on its merits without any objection from the respondent. All of his rights to present his defense, we must assume, were properly accorded to him.

He has also been duly adjudicated in contempt by the superior court and has not appealed from such judgment. He has not yet cleared himself of such contempt. And clearly, in so far as the proceeding in the superior court on his motion some six years or more after entry of decision in the divorce proceedings proper is concerned, the respondent is the moving party. We think it cannot fairly be said that as such moving party he is asserting or seeking to protect a strict right.

He argues that he is entitled to know whether he is a married or unmarried man. That may well be, and this court has said that he ought not to be compelled to remain indefinitely in that uncertain condition. But we do not see how this argument brings him within the rule of *Hovey* v.

*Elliott, supra,* nor do we think that *Conte* v. *Roberts,* 58 R. I. 353, 192 A. 814, which he cites, has any application to his case. By his motion he is not seeking to aid the state in its policy of maintaining the marital status. On the contrary, he is complaining because the petitioner has not moved for entry of a final decree that would definitely dissolve the marital bond between him and the petitioner.

The doctrine of the *Hovey* case was enunciated to protect a defendant in his constitutional right to be heard and make a defense on the charges brought against him. Here the respondent has unquestionably received the benefit of due process of law guaranteed to him under the Federal constitution, and the refusal to hear his motion while he is in contempt will not deprive him of any constitutional right. He has been found guilty of conduct which justified the entry of a decree of divorce. The court has found against him on the question as to the continuance of his marital status, and, since that judgment springs from his own guilt, he cannot claim, as of right, relief from his present uncertainty. It is within the sound discretion of the superior court whether or not to aid him on the instant motion before he has cleared himself of contempt.

At the time he filed his motion and at the time it was heard in the superior court he had not done this. Before he was entitled to a hearing thereon it was within the discretion of the superior court to require him to fully purge himself of his contempt and pay the arrears of allowance due the petitioner. In the exercise of such discretion the decision of the superior court is final unless it appears that it has abused its discretion.

In the instant case the justice before whom the respondent appeared to urge his motion was not the justice of that court before whom the contempt proceedings had been held. He did not, therefore, have any personal official knowledge of

the circumstances by reason of which the respondent was adjudged in contempt. There is no transcript of the evidence taken in the contempt proceedings in the present record, and the trial justice did not take any evidence on the hearing on the instant motion by means of which he could have informed himself as to the circumstances of the respondent's contempt. He was thus unable to form his own judgment as to whether the respondent ought, in the discretion of the court, to have his motion heard and decided.

Furthermore there is nothing in the trial justice's rescript granting the respondent's motion to indicate that he considered at all the question whether the respondent, as a contemnor who had not cleared himself of contempt, was worthy of the court exercising its discretion to hear him. It ought not to be as easy as this for a guilty party in a divorce proceeding, who is in contempt of the superior court's order, to obtain a hearing by that court on some matter concerning that proceeding on which he is seeking the court's aid. To grant his motion under such circumstances is not the exercise of a sound discretion but rather an abuse of such discretion.

Had the hearing on the instant motion been held before the justice of the superior court who heard the contempt proceedings and had adjudged the respondent in contempt, it would be possible very likely to sustain his decision in favor of the respondent even on such a record as the one now before us. In such a case it would be proper to assume that the trial justice, being fully aware of the circumstances of the respondent's contempt, had given consideration thereto before deciding to hear the respondent's motion. This fact suggests the desirability, whenever it is feasible, of assigning such a motion as the instant one by a guilty respondent in divorce in contempt, to the justice of the superior court who adjudged the respondent in contempt.

· We have kept in mind, in the consideration of this question, that it involves a divorce case. In such a case, as this court has frequently observed, the state is, to a certain extent, an interested party. It has an interest to see that the marital status of the parties is preserved if that is possible. It is also interested in seeing to it that, if the marital bond must be dissolved, the innocent party shall receive the protection of the court and that the guilty party shall not wholly escape the obligations he assumed when he entered the marital union unless it be the will of the innocent party. As this court said in *McLaughlin* v. *McLaughlin, supra,* at page 434: "Nor should the court listen to the guilty spouse demanding an advantage from wrongdoing."

The petitioner's exception is sustained on the ground that the trial justice in the instant case clearly abused his discretion.

The case is remitted to the superior court for further proceedings in accordance with this opinion.

*Flynn & Leighton, Robert T. Flynn,* for petitioner.

*Hogan & Hogan, Mary C. Hogan,* for respondent.